IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RONALD CARL THOMAS,**
    Plaintiff,

vs.                                                Case No.: 3:08cv228/MCR/MD

**OFFICER TRAMPE,**
    Defendant.
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's civil rights complaint (doc. 1) filed pursuant to 42 U.S.C. § 1983.  Plaintiff, who is proceeding *pro se*, was granted leave to proceed *in forma pauperis* (doc. 6), and has paid the initial partial filing fee (doc. 8).  Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(I) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is a state inmate currently incarcerated at Santa Rosa Correctional Institution. (Doc. 1, p. 2). His complaint names one defendant: Officer Trampe. Plaintiff claims Trampe deprived him of his property in violation of the Fourteenth Amendment when he put plaintiff's book in the toilet. According to plaintiff, Trampe later apologized for the incident, explaining that he was angry with plaintiff's cellmate and hoped that plaintiff would blame his cellmate and beat him up. (*Id.*, pp. 7-8). As relief, plaintiff asks that his property be replaced, that "all gaintime be restored," and that Trampe be required to pay punitive damages.

Taking plaintiff's allegations in the light most favorable to him, his complaint fails to state a Fourteenth Amendment claim that is plausible on its face. Deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies

under state law for plaintiff to seek redress for the deprivation. *Parratt v. Taylor*, 451 U.S. 527, 543-44, 101 S.Ct 1908, 1912, 68 L. Ed.2d 420 (1984); *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986).[1]  Since Florida Statutes section 768.28 (2008) provides a remedy for the deprivation of plaintiff's property caused by negligent or wrongful acts or omissions of state employees, plaintiff cannot maintain a § 1983 action based on the alleged deprivation.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 22nd day of July, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[1] This is equally true whether the deprivation was the result of an intentional or a negligent act.  *See Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).